UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RUSSELL KELLY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 24-91** |
| | * | |
| **FIRST NBC BANK** | * | |
| | * | **SECTION L (2)** |
| | * | |

**ORDER & REASONS**

Before the Court are two motions. First, a motion by Plaintiff Russell Kelly to remand the matter to Orleans Civil District Court. R. Doc. 5. Defendant Federal Deposit Insurance Corporation ("FDIC") filed an opposition to the motion. R. Doc. 11. Mr. Kelly filed a reply. R. Doc. 13. Second, a motion by FDIC to Dismiss for Lack of Subject Matter Jurisdiction. R. Doc. 8. Mr. Kelly opposes the motion. R. Doc. 10. FDIC filed a reply. R. Doc. 15. Having considered the parties' arguments and the relevant law, the Court now rules as follows.

**I.     BACKGROUND**

On November 29, 2023, Plaintiff Russell Kelly filed a Motion to Reinstate Case to Enforce Settlement Agreement, Rescind Act of Cash Sale, and Transfer Deed in the Orleans Civil District Court. R. Doc. 2-5. Defendant FDIC, as Receiver for First NBC Bank, removed the case to this Court on January 11, 2024. R. Doc. 2. While this case was originally assigned to Section D of the Court, it was transferred to this Section because of its relationship to an earlier case that was previously dismissed by Section L. *See Kelly v. Federal Deposit Insurance Corporation*, No. 18-11738, 2019 WL 6910240 at *4 (E.D. La. Dec. 19, 2019) (J. Fallon) [hereinafter *Kelly I*]. Because the underlying facts of both cases are largely identical, the background for both cases are briefly summarized below.

1

On August 14, 2014, Mr. Kelly filed a "Petition for Damages, Predatory Lending, and Racial Discrimination" against First NBC Bank in the Civil District Court for the Parish of Orleans, seeking damages for alleged torts and misrepresentations by First NBC. On September 3, 2014, the parties filed a joint motion to dismiss, and the matter was dismissed with prejudice. *Id.* Later, on April 28, 2017, First NBC was declared insolvent, and FDIC-R was appointed as Receiver of First NBC, succeeding to all rights, titles, powers and privileges of First NBC. *Id.*

Over a year later, Mr. Kelly filed two Motions: (1) on October 26, 2018, he filed a "Motion to Enforce Settlement," and (2) on November 9, 2018, he filed an "Amended Motion to Enforce Settlement Agreement, Change of Possession of Property Restraining Order and Transfer of Deed," in which he sought a temporary restraining order against First NBC. *Id.* FDIC-R removed the action to this Court on November 29, 2018. *Id.*

On January 17, 2019, Mr. Kelly filed a motion for a temporary restraining order and preliminary injunction, seeking relief from eviction from a home located at 6060 Cartier Avenue. *Id.* Mr. Kelly had owned that property from 2007 until he lost it to FDIC-R through foreclosure. On December 6, 2017, Gaea Development, LLC purchased the property from FDIC-R at auction. The property was sold subject to a lease between Mr. Kelly and FDIC-R, which had expired on November 30, 2018. The Court denied Mr. Kelly's motion for a temporary restraining order and preliminary injunction during a hearing on January 22, 2019. *Id.*

On March 7, 2019, that case was stayed pending exhaustion of administrative remedies pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). *Id.* Because the 180-day stay period expired on September 7, 2019, and nothing new had been filed, the Court scheduled a status conference to check in with the parties. At the September 26, 2019 telephone status conference, counsel representing FDIC-R participated, but

Mr. Kelly did not. *Id.* During the status conference, the Court instructed FDIC-R to file a motion to dismiss in this matter.

FDIC-R complied and filed a motion to dismiss for lack of subject matter jurisdiction. *Kelly I,* 2019 WL 6910240, at *1. FDIC-R argued that Kelly did not follow the proper administrative procedures under FIRREA. *Id.*; 12 U.S.C. § 1821(d)(3)–(5). Specifically, FDIC-R contended that Kelly did not bring his claims to the right entity or within the proper statutory timeframes, and therefore, this Court did not have subject matter jurisdiction over his claim. *Id.* FDIC-R also noted that untimely claims are not only disallowed under the statute, but that such disallowances are final. *Id.* at *3; 12 U.S.C. § 1821(d)(5)(C)(i). This Court granted FDIC-R's motion to dismiss with prejudice on December 19, 2019. *Id.* at *4.

Despite the Court's dismissal, however, Kelly filed a motion in state court to reinstate the case on November 29, 2023. R. Doc. 1-5. FDIC-R once again removed the case to this Court pursuant to several forms of federal jurisdiction. R. Doc. 1 at 3-4; *see* 12 U.S.C. § 1819(b)(2)(A); 12 U.S.C. §1819 (b)(2)(B). Kelly then filed a motion to remand the case back to the Civil District Court for the Parish of Orleans, which FDIC-R opposes. R. Doc. 5; R. Doc. 11. FDIC-R again filed a motion to dismiss for lack of subject matter jurisdiction, R. Doc. 8, and Kelly filed a motion in opposition. R. Doc. 10. FDIC-R timely filed a reply. R. Doc. 15.

## II.   PRESENT MOTIONS

### a.   Plaintiff Russell Kelly's Motion to Remand

In his motion to remand, Mr. Kelly argues that FDIC improperly removed the case from state court and that in *Kelly I*, this Court improperly dismissed his complaint. R. Doc. 5-1. In opposition, FDIC argues that it had the right to remove the matter and Mr. Kelly failed to file a timely motion to remand in *Kelly I* and pursuant to 12 U.S.C. § 1819(b)(2)(A). R. Doc. 11. In reply, Mr. Kelly reiterates his earlier arguments. R. Doc. 13.

3

### b. Defendant FDIC-R's Motion for Lack of Subject Matter Jurisdiction

In its present motion to dismiss for lack of subject matter jurisdiction, FDIC-R reiterates its arguments from the motion in *Kelly I*. R. Doc. 8. FDIC-R argues that under the express provisions of 12 U.S.C. §§ 1821(d)(5)(C)(i), 1821(d)(6), 1821(d)(13(D), and 1821(j), this Court lacks subject matter jurisdiction over Kelly's claims. *Id.* at 2. FDIC-R reminds the Court that untimely claims are disallowed, and any disallowance is final. *Id.* Moreover, this Court has already dismissed Kelly's claims with prejudice, and FDIC-R notes that Kelly's present claims involve the same parties, issues, laws, and facts. *Id.* FDIC-R argues that collateral estoppel precludes Kelly from re-litigating this case. *Id.* at 3.

Kelly opposed the motion, arguing that he did, indeed, file his claim before the statutory deadline, and therefore FDIC-R wrongfully disallowed his claim. R. Doc. 10 at 1. Moreover, he states that he is not subject to either the FIRREA Exhaustion Requirement or the Administrative Procedures Act. *Id.* at 2. Kelly also contends that FDIC-R failed to perform its obligations under the Settlement Agreement. *Id.* at 3. In reply, FDIC-R notes that Kelly does not provide evidence or supporting law to adequately back up his assertions, and retireates that collateral estoppel precludes his present claims. R. Doc. 15.

### III. APPLICABLE LAW AND ANALYSIS

### a. Motion to Dismiss for Lack of Subject Matter Jurisdiction

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), it is Plaintiff's burden to demonstrate that jurisdiction exists. *See Howry v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."). "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.

1981)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

Here, Kelly raises the same claims that have already been dismissed with prejudice by this Court. *Kelly I,* 2019 WL 6910240, at *4. Under the equitable doctrine of collateral estoppel, also known as issue preclusion, a judgment in a prior suit precludes relitigation in a second suit if the issues were "actually litigated and necessary to the outcome" of the first action. *Upton v. Vicknair*, No. CV 21-407, 2023 WL 5631048, at *4 (E.D. La. Aug. 31, 2023) (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 325, n.5 (1979)). Issue preclusion prevents repetitive litigation of the same dispute, conserve judicial resources, maintain consistency, and avoid oppression or harassment of an adverse party. *Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir. 2018) (internal citations and quotation marks omitted).

Defensive collateral estoppel requires the movant to prove four elements: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action; and (4) no special circumstances would render preclusion inappropriate or unfair. *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 n.12 (5th Cir. 1995) *abrogated on other grounds by Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355 (2016). The same four elements are required for both offensive and defensive collateral estoppel claims. *Seguin v. Remington Arms Co., LLC*, No. CV 14-2442, 2016 WL 3877970, at *4 (E.D. La. July 18, 2016) (citing *Landry v. G.C. Constructors*, 802 F. Supp. 2d 827, 831 (S.D. Miss. 2011)).

Here, the first element is clearly met because whether this Court has subject matter jurisdiction over Kelly's claims is the central threshold issue in both *Kelly I* and the present case.

5

The second issue of actual litigation is also met. *See Mack Energy Co. v. Red Stick Energy, LLC*, No. CV 16-1696, 2019 WL 4602242, at *6 (W.D. La. Sept. 20, 2019) ("An issue is 'actually litigated' when the issue is 'properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined.'") (internal quotation and citation omitted). A motion to dismiss that has been briefed and ruled upon satisfies the "actually litigated" burden. *See id.*; *Rader v. Cowart*, No. 1:09-CV-01872, 2012 WL 7005624, at *1 (W.D. La. Dec. 12, 2012). The third issue is also clearly satisfied by the previous motion to dismiss, and the Court does not find any circumstances present that outweigh the need for finality and consistency in this case. Every element of collateral estoppel has been satisfied here, and therefore the Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

Because the Court does not have subject matter jurisdiction over Kelly's claims, his motion to remand is denied as moot.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that FDIC-R's Motion to Dismiss for Lack of Subject Matter Jurisdiction, R. Doc. 8, is **GRANTED**. Accordingly, Kelly's Motion to Remand is **DENIED** as **MOOT**.

New Orleans, Louisiana, this 8th day of March, 2024.

_____
United States District Judge